# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-347-D |
| | ) | |
| ROBYN R. ARNOLD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant pled guilty to one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1349. She was sentenced to a term of five years' supervised release and ordered to make restitution in the amount of $280,075.15 jointly and severally with her co-defendants. On August 2, 2018, Defendant filed a motion with the Court seeking early termination of her supervised release [Doc. No. 349]. In her motion, Defendant cites the significant progress she has made since her sentencing; she has completed 100 hours of community service, cooperated with her probation officer, gained viable employment, and is currently engaged to be married. *See* Mot. at 2-5.

Despite this progress, the Government objects to Defendant's motion [Doc. No. 351]. The Government notes that, although Defendant has

performed well on supervised release, she failed to make timely restitution payments in May and June of this year and is currently overdue $245. *See* Govt's Resp. at 2. The Government further notes that Defendant's current liability is $268,036.02 and early termination of her supervised release would make collection more problematic since it would remove Defendant's compliance with the court-ordered payment plan as a condition of release. *Id.* at 2-3.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the Court may terminate a term of supervised release "at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in § 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Having reviewed the foregoing factors, the Court finds that early termination is not appropriate at this time. The Court commends Defendant for those things that she has accomplished while on supervised release. However, the Court believes that further supervision is necessary to help facilitate future restitution payments. As stated, Defendant owes a large amount of restitution and the Court believes that further supervision is necessary to ensure continued payment. Accordingly, the Court finds Defendant's motion should be denied at this time.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 349] is **DENIED**.

**IT IS SO ORDERED** this 6th day of September 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE